# Order

**Michigan Supreme Court**
**Lansing, Michigan**

September 30, 2015

Robert P. Young, Jr.,
Chief Justice

Stephen J. Markman
Mary Beth Kelly
Brian K. Zahra
Bridget M. McCormack
David F. Viviano
Richard H. Bernstein,
Justices

148898-9
148901-2

JEANNE HARRISON,
        Plaintiff-Appellee,

v

MUNSON HEALTHCARE, INC.,
        Defendant-Appellant,
and

SURGICAL ASSOCIATES OF TRAVERSE
CITY, P.L.L.C., WILLIAM P. POTTHOFF,
M.D., and CINDY GILLIAND, R.N.,
        Defendants,
and

THOMAS R. HALL,
        Appellee.
_____/

SC: 148898-9
COA: 304512, 304539
Grand Traverse CC:
      2009-027611-NH

JEANNE HARRISON,
        Plaintiff-Appellee,

v

MUNSON HEALTHCARE, INC.,
        Defendant-Appellee,
and

SURGICAL ASSOCIATES OF TRAVERSE
CITY, P.L.L.C., WILLIAM P. POTTHOFF,
M.D., and CINDY GILLIAND, R.N.,
        Defendants,
and

THOMAS R. HALL,
        Appellant.
_____/

SC: 148901-2
COA: 304512, 304539
Grand Traverse CC:
      2009-027611-NH

By order of June 20, 2014, the applications for leave to appeal the January 30, 2014 judgment of the Court of Appeals were held in abeyance pending the decision in *Krusac v Covenant Medical Center, Inc* (Docket No. 149270). On order of the Court, the case having been decided on April 21, 2015, 497 Mich 251 (2015), the applications are again considered. In *Krusac,* we overruled that part of the Court of Appeals opinion in this case (*Harrison v Munson Healthcare, Inc*), in which the court held that factual information recorded on the first page of the incident report was not immune from disclosure as material protected pursuant to MCL 333.21515. In light of our decision in *Krusac*, we VACATE the remainder of the Court of Appeals opinion. In addition, we VACATE the April 8, 2011 Decision and Order Regarding Motion for Sanctions of the Grand Traverse Circuit Court, and we REMAND this case to the circuit court for further proceedings. The circuit court erroneously relied on *Centennial Healthcare Mgt Corp v Dep't of Consumer & Industry Services*, 254 Mich App 275 (2002), to conclude that the facts recorded in the incident report should not have been kept from the jury. Because it is unclear from the circuit court's Decision and Order Regarding Motion for Sanctions whether this conclusion was central to its decision to sanction defendant Hospital and its counsel, we remand for reconsideration of the sanctions award. If it chooses to again impose sanctions, the court shall explain why the specific facts on which it relies to conclude that defendant Hospital and its counsel were precluded from arguing that the Bovie was inadvertently or accidentally unholstered justify its sanctions award.

We do not retain jurisdiction.



I, Larry S. Royster, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

September 30, 2015



t0929

Clerk